■ SPORTSPLEX OF MIDDLETOWN, INC., et al., Appellants, v CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION, Respondent. [633 NYS2d 588] —In an action, *inter alia,* for a judgment declaring the parties' respective rights under a concession agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Sherwood, J.), dated April 28, 1994, as, upon reargument, (1) adhered to the branch of a prior determination made in an order of the same court, dated February 28, 1994, which granted their application for preliminary injunctive relief pending the hearing and determination of the action only on condition that they post security in the amount of $100,000 and (2) imposed the additional conditions that they pay all arrears accrued pursuant to the terms of the concession agreement and make future monthly payments in the amount of $8,500 per month.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19; *Matter of Langfur,* 198 AD2d 355). In granting *Yellowstone* relief, the court may impose reasonable conditions, including the posting of an undertaking by the party seeking relief *(see, Peron Rest. v Young & Rubicam,* 179 AD2d 469) in an amount rationally related to the quantum of damages which the nonmoving party would sustain in the event the moving party is later determined not to have been entitled to the injunction *(see, 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.,* 173 AD2d 372, 373). The requirement that the movant also pay "outstanding and prospective use and occupancy fees" in addition to a bond may not be excessive *(61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp., supra).* Absent a showing that the court improvidently exercised its discretion by imposing conditions in excess of those necessary to protect the nonmoving party's interests, the conditions imposed will not be disturbed *(see,* 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.11; *Donald Shaffer, Inc. v Shaffer,* 44 AD2d 725).

Here, because the conditions imposed by the court in granting the injunctive relief are in an amount rationally related to the damages the defendant would incur if it is determined that the plaintiffs were not entitled to injunctive relief, the court

did not improvidently exercise its discretion, and the conditions will not be disturbed.

The parties' remaining contentions are without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.