■ BENNIGAN'S OF NEW YORK, INC., Respondent, v GREAT NECK PLAZA, L.P., et al., Appellants. [636 NYS2d 835] —In an action for a judgment declaring the parties' rights under a lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal J.), dated August 2, 1994, as, upon reargument, adhered to the prior determination which granted the branches of the plaintiff's motion which were (1) to enjoin the defendants from prosecuting a summary nonpayment proceeding in the District Court, Nassau County, and (2) for a *Yellowstone* injunction, and directed the plaintiff to post an undertaking in the sum of only $100,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants, Great Neck Plaza, L.P. (hereinafter GNP) and NSM Development Corp. (hereinafter NSM), contend that the Supreme Court improperly extended the scope of the *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) it issued when it also stayed the prosecution of a summary nonpayment proceeding pending in the District Court, Nassau County.

GNP is the present landlord, and NSM is the general partner of the landlord in a shopping center. The plaintiff is a tenant at the shopping center under a lease providing that if the tenant defaults in the payment of rent and if the default continues for five days after service of a notice to cure, the lease shall terminate. The defendants asserted that the plaintiff was in default of certain rent payments. After the parties were unable to agree on the amount of rent due, GNP sent a notice to cure, whereupon the plaintiff commenced the instant declaratory judgment action, *inter alia,* to determine the rights of the parties under the lease. The plaintiff moved for a *Yellowstone* injunction to toll the cure period *(see, First Natl. Stores v Yellowstone Shopping Ctr., supra)* and obtained a temporary restraining order, tolling the cure period during the pendency of the motion.

Prior to the determination of the motion, GNP commenced a separate summary nonpayment proceeding against the plaintiff in the District Court, Nassau County. As a result, the plaintiff moved to stay the nonpayment proceeding. The Supreme Court, in an order dated May 9, 1994, consolidated the motions, granted a *Yellowstone* injunction, directed the plaintiff to post an undertaking in the sum of $100,000, and directed the plaintiff to pay certain minimum rent. However, the court also permitted GNP to prosecute the nonpayment proceeding on condition that GNP withdraw the notice to cure and/or deem it to be solely a notice of nonpayment pursuant to RPAPL 711 and 751. GNP failed to withdraw the notice to cure.

Thereafter, the defendants moved to renew and reargue. The Supreme Court, in an order dated August 2, 1994, granted reargument, and with minor modifications to the provisions of the prior order relating only to the amount of prospective rent to be paid, adhered to its original determination. The defendants now contend that it was error for the Supreme Court to enjoin the prosecution of their proceeding in District Court. In the alternative, the defendants ask this Court to increase the undertaking posted by the plaintiff.

By having served a notice to cure and then failing to either withdraw and/or limit that notice after they commenced the District Court action, GNP created the need to stay the District Court action. Under those conditions, the plaintiff was entitled to the equitable relief available only in the Supreme Court by way of a *Yellowstone* injunction to toll the time to cure. As a result of the defendants' actions there were two actions seeking the same relief in different forums. Since the Supreme Court can provide all the relief requested while the District Court cannot, judicial economy dictates that both actions not proceed simultaneously *(see, DeCastro v Bhokari,* 201 AD2d 382; *cf., Amoo v Eastlake Realty Co.,* 133 AD2d 657; *Cohen v Goldfein,* 100 AD2d 795). Under these circumstances, it was proper to stay the District Court proceeding pending the outcome of the Supreme Court action.

We also reject the defendants' contention that the Supreme Court improperly directed the plaintiff to post an undertaking of only $100,000. In granting *Yellowstone* relief the court may impose reasonable conditions, including, *inter alia,* the posting of a bond in an amount rationally related to the damages the nonmoving party might suffer if the court later determines that the relief should not have been granted. Those conditions will not be disturbed absent a showing that the court acted

improvidently in exercising its discretion *(see, Sportsplex of Middletown v Catskill Regional Off-Track Betting Corp.*, 221 AD2d 428). Since the conditions imposed are rationally related to the damages, we conclude that the Supreme Court did not improvidently exercise its discretion and the conditions it set will not be disturbed. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.