■ PRINCE LUMBER COMPANY, INC., Respondent, v CMC MIC HOLDING COMPANY, L. L. C., Appellant. [678 NYS2d 256] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 14, 1997, which, in a declaratory judgment action concerning whether plaintiff tenant is in violation of its commercial lease with defendant landlord, *inter alia*, extended a temporary restraining order that was originally in effect "pending the hearing" of plaintiff's motion for a *Yellowstone* injunction so as to keep it in effect pending the determination of such motion, and order, same court and Justice, entered April 23, 1997, which granted plaintiff's motion for a *Yellowstone* injunction, unanimously affirmed, with costs.

It is clear that the failure to continue the temporary restraining order pending determination of the motion was inadvertent, and accordingly, defendant's notice of termination served several days after the return date of the motion was properly vacated (*see, Mann Theatres Corp. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 476-477, *affd* 62 NY2d 930). Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES BURGOS, Also Known as LUIS MOLINA, Appellant. [678 NYS2d 256] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered June 14, 1996, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree and two counts of assault in the second degree, and sentencing him to concurrent terms of 6 to 18 years on the rape and sodomy convictions and 2 to 6 years on the assault convictions, unanimously affirmed.

Defendant's contentions that he was deprived of a fair trial by the admission of the complainant's testimony that she sought an order of protection on the day following the sexual assault and by the prosecutor's comment upon this fact in summation have not been preserved for appellate review and we decline to review them in the interest of justice. Were we to review these claims, we would find that the testimony was properly admitted as a "prompt outcry" (*People v McDaniel,* 81 NY2d 10, 16; *People v Fabian,* 213 AD2d 298, *lv denied* 85 NY2d 972), and that error in this regard, if any, was harmless. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.