■ MAYFAIR SUPER MARKETS, INC., Respondent-Appellant, v NATHAN SEROTA, Appellant-Respondent. [692 NYS2d 415] —In an action, *inter alia*, for a judgment declaring the rights and obligations of the parties under a lease and to enjoin the defendant from terminating the lease, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered December 30, 1997, as, upon denying the plaintiff's motion for a *Yellowstone* injunction, preliminarily enjoined the defendant from terminating the subject lease pending resolution of the action and directed the plaintiff to post an undertaking in the amount of only $5,000, and (2) the plaintiff cross-appeals from so much of the same order as denied its motion for a *Yellowstone* injunction.

Ordered that the appeal from so much of the order as granted the plaintiff preliminary injunctive relief is dismissed as academic in view of the disposition of the cross appeal; and it is further,

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the plaintiff's motion for a *Yellowstone* injunction and by substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the determination of the Supreme Court, the plaintiff satisfied the requisite criteria for entitlement to a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630) by demonstrating that (1) it holds a commercial lease on the premises, (2) it was served by the defendant with a notice of default, notice to cure, or threat of termination of the lease, (3) it timely moved for injunctive

relief prior to the expiration of the cure period and termination of the lease, and (4) it has the desire and ability to cure its alleged default by any means short of vacating the premises (*see generally, Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs.,* 224 AD2d 591; *225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.,* 211 AD2d 420). Specifically, with regard to the second criterion, the plaintiff established that the "notice of cancellation" served upon it qualified as a notice of default, notice to cure, or threat of termination. Construing the clear and unambiguous language of the subject lease so as to give full effect to the parties' expressed intent (*see, Singh v Dyckman,* 202 AD2d 412), we find that the plaintiff had a clear contractual right to cure within 30 days after being given notice of termination based on the alleged substantial vacancy of the premises. Furthermore, we find that the amount of the undertaking fixed by the court does not constitute an improvident exercise of discretion, and we continue that undertaking with regard to the plaintiff's *Yellowstone* injunction.

In view of the foregoing, the defendant's appeal from that portion of the order granting the plaintiff a preliminary injunction has been rendered academic, since the plaintiff has established its right to the greater relief afforded by a *Yellowstone* injunction. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.