■ GIHON, LLC, Respondent, v 501 SECOND STREET, LLC, Appellant. [761 NYS2d 276] —In an action, inter alia, to recover damages for breach of a lease, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 9, 2002, as granted the plaintiff's motion to enjoin it from taking action to terminate the lease.

Ordered that the order is affirmed insofar as appealed from, with costs.

A tenant seeking *Yellowstone* relief must demonstrate that (1) it holds a commercial lease, (2) it has received a notice of default, notice to cure, or threat of termination of the lease, (3) its application for a temporary restraining order was made prior to expiration of the cure period and termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]; *King Party Ctr. of Pitkin Ave. v Minco Realty,* 286 AD2d 373 [2001]; *Mayfair Super Mkts. v Serota,* 262 AD2d 461 [1999]). The purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.,* 93 NY2d 508 [1999]; *King Party Ctr. of Pitkin Ave. v Minco Realty, supra; Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591 [1996]).

The Supreme Court properly granted the plaintiff *Yellowstone* relief. The plaintiff presented evidence that it possessed a commercial leasehold interest, that it had received two notices of default threatening termination, that the time for cure of any default had not expired, and that it had the ability to cure any default.

The parties' remaining contentions are without merit. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.