■ JT QUEENS CARWASH, INC., Respondent, v 88-16 NORTHERN BLVD, LLC, Appellant. [823 NYS2d 349]—

In an action, inter alia, for a judgment declaring that the plaintiff tenant is not in default of the subject lease, the defendant landlord appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 2, 2006, as, upon the plaintiff's motion for a preliminary injunction, extended a temporary restraining order of the same court dated February 14, 2006, in order for the plaintiff to

properly effect service upon the defendant pursuant to CPLR 311-a.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [a]); and it is further,

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, the Supreme Court properly extended the temporary restraining order, which was initially issued before the expiration of the cure period set forth in the defendant landlord's notice of default (*see Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466 [1983], *affd* 62 NY2d 930 [1984]; *SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727 [2005]; *Prince Lbr. Co. v CMC MIC Holding Co.*, 253 AD2d 718 [1998]; *Wyndham Co. v Wyndham Hotel Co.*, 236 AD2d 220 [1997]; *Fratto v Red Barn Farmers Mkt. Corp.*, 144 AD2d 635 [1988]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.