■ HEMPSTEAD VIDEO, INC., Appellant, v 363 ROCKAWAY ASSOCIATES, LLP, Respondent. [833 NYS2d 144]—

In an action, inter alia, for a judgment declaring the parties' rights under a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 12, 2006, which denied its motion for a *Yellowstone* injunction (see *First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]).

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the stay contained in the decision and order on motion of this Court dated March 2, 2006 is vacated forthwith.

The purpose of a *Yellowstone* injunction (see *First Natl. Stores*

*v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]) is to allow a tenant confronted by a threat of termination of a lease to obtain a stay tolling the running of the statutory cure period so that, after a determination of the merits of any action arising under the lease, the tenant may cure the defect and avoid a forfeiture of the leasehold (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.,* 93 NY2d 508, 514 [1999]; *Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591, 593 [1996]; *Sportsplex of Middletown v Catskill Regional Off-Track Betting Corp.,* 221 AD2d 428 [1995]). A tenant seeking *Yellowstone* relief must demonstrate that: (1) it holds a commercial lease, (2) it has received from the landlord a notice of default, notice to cure, or threat of termination of the lease, (3) its application for a temporary restraining order was made prior to expiration of the cure period and termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises (*see First Natl. Stores v Yellowstone Shopping Ctr., supra; Mayfair Super Mkts. v Serota,* 262 AD2d 461 [1999]).

The lease at issue was explicitly conditioned upon compliance with a certain 1996 stipulation between the plaintiff and the Village of Valley Stream.

The Village commenced an action in federal court asserting that the plaintiff had violated the 1996 stipulation. By memorandum opinion and order dated January 5, 2004 [2004 WL 62560, 2004 US Dist LEXIS 348 (ED NY)], Magistrate Judge E. Thomas Boyle of the United States District Court for the Eastern District of New York granted the Village's request for a judgment declaring that the plaintiff had breached the 1996 stipulation, and that the Village was thereby entitled to enforce, as against the plaintiff, Local Law No. 4 (1994) of the Village of Valley Stream, prohibiting "adult" video stores in certain locations. On May 31, 2005, a three-judge panel for the United States Court of Appeals for the Second Circuit affirmed Magistrate Judge Boyle's order in all respects (*see Hempstead Video, Inc. v Incorporated Vil. of Val. Stream,* 409 F3d 127 [2005]).

We need not pass upon the applicability of the plaintiff's purported waiver, pursuant to the terms of the lease, of its right to *Yellowstone* relief because the plaintiff was unable to establish its entitlement to *Yellowstone* relief in view of the circumstances described above (*see Mayfair Super Mkts. v Serota, supra*). Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.