XIOTIS RESTAURANT CORP., Respondent, v LSS LEASING LIMITED LIABILITY COMPANY, Appellant. [855 NYS2d 578]—

In an action, inter alia, for a judgment declaring the parties' rights under a lease, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated November 22, 2006, which, among other things, granted the plaintiff's renewed motion for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]).

Ordered that the order is affirmed, with costs.

The purpose of a *Yellowstone* injunction (*see First Natl. Stores*

*v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]) is to allow a commercial tenant confronted by a threat of termination of a lease to obtain a stay tolling the running of the cure period so that, after a determination of the merits of any action arising under the lease, the tenant may cure the defect and avoid a forfeiture of the leasehold (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]; *Hempstead Video, Inc. v 363 Rockaway Assoc., LLP,* 38 AD3d 838, 838-839 [2007]; *Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership*, 224 AD2d 591, 593 [1996]; *Sportsplex of Middletown v Catskill Regional Off-Track Betting Corp.*, 221 AD2d 428 [1995]). A tenant seeking *Yellowstone* relief must demonstrate that: (1) it holds a commercial lease, (2) it has received from the landlord a notice of default, (3) its application for a temporary restraining order was made prior to expiration of the cure period and termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises (*see Hempstead Video, Inc. v 363 Rockaway Assoc., LLP,* 38 AD3d at 839; *Mayfair Super Mkts. v Serota*, 262 AD2d 461, 461-462 [1999]).

The Supreme Court properly granted the plaintiff *Yellowstone* relief. Contrary to the defendant's contention, under the circumstances, the cure period with respect to the notice to cure dated June 3, 2005, which was tolled pursuant to a temporary restraining order granted to the plaintiff, did not expire before the plaintiff's renewed motion for a *Yellowstone* injunction was decided (*cf. Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 476 [1983], *affd* 62 NY2d 930 [1984]; *Prince Lbr. Co. v CMC MIC Holding Co.*, 253 AD2d 718 [1998]). Furthermore, contrary to the defendant's contention, the plaintiff demonstrated that it has the desire and ability to cure the alleged defaults listed in the notices to cure (*see Gihon, LLC v 501 Second St.*, 306 AD2d 376 [2003]; *Lee v TT & PP Main St. Realty Corp.*, 286 AD2d 665, 666 [2001]; *Terosal Props. v Bellino*, 257 AD2d 568, 569 [1999]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.