■ INCORPORATED VILLAGE OF VALLEY STREAM, Respondent, v HEMPSTEAD VIDEO, INC., Appellant. [876 NYS2d 471]—

In an action to enjoin the defendant from operating its business in violation of Local Law No. 4 (1994) of the Incorporated Village of Valley Stream, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated January 11, 2008, as, upon a deci-

sion dated January 12, 2007, made after a nonjury trial, in effect, directed the dismissal of the complaint as academic, and, in effect, directed dismissal of the counterclaims.

Ordered that on the Court's own motion, the notice of appeal from so much of the order, as, in effect, directed dismissal of the counterclaims, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order as, in effect, directed dismissal of the complaint as academic is dismissed, as no appeal lies as of right (*see* CPLR 5701 [a] [2]) and we decline to grant leave to appeal from that portion of the order, as the defendant is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, directing dismissal of so much of the second counterclaim as sought a judgment declaring that the defendant was not operating an adult business within the meaning of Local Law No. 4 (1994) of the Incorporated Village of Valley Stream, and substituting therefor a provision directing the entry of a judgment declaring that the defendant was operating an adult business with the meaning of Local Law No. 4 (1994) of the Incorporated Village of Valley Stream; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1994, the plaintiff, the Incorporated Village of Valley Stream, issued summonses to the defendant, Hempstead Video, Inc., alleging that its store was an "adult uses" establishment operating in an area not zoned for such uses, in violation of Local Law No. 4 (1994) of the Incorporated Village of Valley Stream (*see* Code of Incorporated Village of Valley Stream, ch 99, art XXXIII, § 99-3301 *et seq.*; hereinafter the Local Law). The defendant commenced an action against, among others, the Village, in the United States District Court for the Eastern District of New York, inter alia, to recover damages and for a declaration that the Local Law was inapplicable to its business and unconstitutional. In 1996, the parties entered into a court-ordered stipulation of settlement (hereinafter the federal stipulation), in which the Village agreed to discontinue its pending prosecution of the defendant under the Local Law in exchange for the defendant's compliance with certain restrictions in the conduct of its business. The parties also mutually released each other from any claims arising out of the subject matter of the litigation. In 2004, the District Court granted the Village's request for a judgment declaring that the defendant had breached the

federal stipulation and that the Village was entitled to enforce the Local Law against the defendant. The order was affirmed by the United States Court of Appeals for the Second Circuit (*see Hempstead Video, Inc. v Incorporated Vil. of Val. Stream*, 409 F3d 127 [2005]).

Thereafter, the Village instituted a prosecution against the defendant in the Village Court of the Incorporated Village of Valley Stream and, in June 2005, commenced the instant action in the Supreme Court to enjoin the defendant's use of the premises as an adult business. The defendant interposed counterclaims to recover damages, for declarations that the Local Law was unconstitutional and inapplicable since it did not operate an adult business with the meaning of the Local Law, and for an injunction against its enforcement. The Supreme Court granted the Village's motion for a preliminary injunction and thereafter held a nonjury trial with respect to the permanent injunction. By decision dated January 12, 2007, the trial court found that the defendant had violated the Local Law but requested further briefing as to its constitutionality, noting however, the Village's contention that the parties' settlement of the previous federal action precluded the defendant from again challenging the constitutionality of the Local Law. Prior to the issuance of a decision on the constitutional issue, the defendant's landlord successfully evicted it from the premises for noncompliance with the federal stipulation, which had been incorporated into the lease (*see Hempstead Video, Inc. v 363 Rockaway Assoc., LLP*, 38 AD3d 838 [2007]). By letter, the Village informed the Supreme Court of the eviction and argued that it rendered academic the remedy of permanent injunction. The defendant responded by letter, arguing that its counterclaims had not been rendered academic. By order dated January 11, 2008, the Supreme Court, in effect, directed dismissal of the complaint as academic and, in effect, directed dismissal of the defendant's counterclaims.

Contrary to the defendant's contention, the Supreme Court properly, in effect, directed dismissal of the counterclaims which were premised on the defendant's theory that its business did not constitute an "adult uses" establishment within the meaning of the Local Law (*see* Code of Incorporated Village of Valley Stream § 99-3302). "Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Jean v Michael M. Molaei, M.D., P.C.*, 57 AD3d 620

[2008] [citation and internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). The Supreme Court's determination that the defendant was operating an adult business within the meaning of the Local Law was supported by the evidence adduced at trial, and we discern no basis to disturb it. Since one of the remedies sought in the counterclaims was a declaratory judgment, the Supreme Court should have directed the entry of judgment in favor of the Village declaring that the defendant, prior to its eviction, was operating an adult business within the meaning of the Local Law (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Miller, Covello and Angiolillo, JJ., concur.