[7 NYS3d 872]

NY Great Stone Inc., Plaintiff, v Two Fulton Square LLC, Defendant.

Supreme Court, Queens County, March 24, 2015

**APPEARANCES OF COUNSEL**

*Perry Ian Tischler, P.C.*, Bayside (*Perry Ian Tischler* of counsel), for plaintiff.

*Borah Goldstein Altschuler Nahins & Goidel, P.C.*, New York City (*David R. Brody* of counsel), for defendant.

## OPINION OF THE COURT

MARTIN E. RITHOLTZ, J.

Application by plaintiff to enjoin defendant from terminating the subject lease and from commencing summary proceedings to recover possession and to compel defendant to provide access to a water valve on the property to conduct a hydrostatic pressure test.

It is ordered that the application is denied.

*Yellowstone* injunctions are routinely granted to avoid forfeiture of a commercial tenant's interest prior to a determination of the merits. (*See Post v 120 E. End Ave. Corp.*, 62 NY2d 19 [1984]; *First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968].) A tenant must demonstrate the existence of a commercial lease, receipt of a notice of default, a timely application for a temporary restraining order and the desire and ability to cure the alleged default. (*JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC*, 101 AD3d 1089 [2d Dept 2012]; *Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC*, 86 AD3d 545 [2d Dept 2011].)

This action arises out of a 10-day notice to cure dated November 21, 2014. The defaults in the notice pertain to the plaintiff's failure to conduct a hydrostatic pressure test on the sprinkler system as a violation of article 6 of the lease and a separate violation of article 8 of the lease and article 6 of the rider for failure to obtain comprehensive general liability insurance.

Essential to obtaining a *Yellowstone* injunction is a demonstration by movant that it desires and has the ability to cure the alleged default. (*See Xiotis Rest. Corp. v LSS Leasing Ltd. Liab. Co.*, 50 AD3d 678 [2d Dept 2008].) In the instant case, the subject lease and rider impose an obligation on the tenant to procure and maintain general liability insurance from the commencement of the lease throughout the term of the tenancy that names the landlord as an additional insured. Plaintiff has annexed a certificate of liability insurance dated December 2, 2014 which provides coverage effective April 7, 2014 to April 7, 2015 and indicates defendant is an additional insured. Notwithstanding defendant's contention that the failure to deliver actual insurance policies rather than a certificate is also a violation of the lease, plaintiff's submission is clearly in-

adequate to evidence the maintenance of insurance coverage during the entire term of the lease which commenced on March 10, 2011.

A tenant's failure to maintain insurance constitutes a material default of the terms of the lease. (*See JT Queens Carwash, Inc.*, 101 AD3d at 1090; *Jackson 37 Co., LLC v Laumat, LLC*, 31 AD3d 609 [2d Dept 2006]; *see also Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 112 AD3d 593 [2d Dept 2013].) A default of this type is incurable as a prospective insurance policy does not protect a landlord against unknown claims that might arise during the period in which no coverage existed. (*Kyung Sik Kim v Idylwood, N.Y., LLC*, 66 AD3d 528 [1st Dept 2009].) Although plaintiff points to that portion of the notice to cure which directs it to obtain general public liability insurance, it does not alter the specific terms of the lease which require insurance be maintained from the inception of its tenancy.

In light of the foregoing, *Yellowstone* relief is unavailable to avoid forfeiture. As a result, the court need not address the validity of the other alleged defaults.

All other requests for relief are denied.