East 54th Operating LLC v Brevard Owners, Inc. (2024 NY Slip Op 00023)

East 54th Operating LLC v Brevard Owners, Inc.

2024 NY Slip Op 00023

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 154045/23 Appeal No. 1343 Case No. 2023-03242 

[*1]East 54th Operating LLC, Plaintiff-Appellant,
v
Brevard Owners, Inc., Defendant-Respondent.

Rivkin Radler LLP, New York (Jeremy B. Honig of counsel), for appellant.
Mattiace Tetro LLC, New York (John P.J. Mattiace of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J), entered June 29, 2023, which, insofar as appealed from, granted defendant landlord's motion for a preliminary injunction; and granted defendant landlord's motion for leave to reargue plaintiff tenant's motion for a Yellowstone injunction and, upon reargument, granted the motion, conditioned upon plaintiff tenant posting a $1.5 million bond, unanimously modified, on the law, the motion for a preliminary injunction denied, so much of the order as set a $1.5 million bond vacated, and the matter remanded for a hearing under CPLR 6312 (c) to determine the timing, duration, and conditions on which plaintiff must vacate the leased premises and for a determination of an appropriate amount for a bond on the Yellowstone injunction, and otherwise affirmed, without costs.
Plaintiff leases a garage from landlord, who seeks a preliminary injunction directing tenant, among other things, to provide it with immediate access to the garage so that it can remediate issues affecting the safety of the garage and compelling tenant to temporarily vacate during the remediation period. To the extent landlord seeks mandatory injunctive relief against tenant, a preliminary injunction "should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the [movant] would receive the ultimate relief sought, pendente lite" (St. Paul Fire & Marine Ins. Co. v York Claims Serv., Inc., 308 AD2d 347, 349 [1st Dept 2003]). Here, the court improperly granted defendant's motion for a preliminary injunction. Although the parties agree that the garage requires major, substantial repairs, there are significant factual disputes as to whether plaintiff needs to fully vacate the premises during the repairs and the duration of these repairs. For example, defendant's expert stated that the repairs necessitated complete closure of the garage while plaintiff's expert opined that parking garage repairs can be completed in phases. Therefore, the court should have conducted a CPLR 6312 (c) hearing to determine how to best reconcile plaintiff's lease obligation to provide access to the garage to defendant with plaintiff's right to remain in the premises and conduct its business (see 116 St. Laundromat & Dry Cleaning Inc. v 240-42 W. 116 St. Hous. Dev. Fund Corp., 215 AD3d 513, 514 [1st Dept 2023]). Further, a hearing will ensure that the timing, duration, and conditions of vacatur are appropriate.
As to the amount of the bond on the Yellowstone injunction, the court improvidently exercised its discretion in setting the bond at $1.5 million. An undertaking should be set in an amount "rationally related to the quantum of damages which [landlord] would sustain in the event that [tenant] is later determined not to have been entitled to the injunction" (61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp., 173 AD2d 372, 373 [1st Dept 1991]; see Metropolis Seaport Assoc. v South St. Seaport Corp., 253 [*2]AD2d 663, 664 [1st Dept 1998]). Here, the amount of the bond set by the court is the same as landlord's estimated cost of repairs, which is unrelated to the
amount of damages that may flow from imposition of the Yellowstone injunction. Accordingly, the bond requirement should be vacated, and the court should redetermine an appropriate undertaking (see Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024