| **East 54th Operating LLC v Brevard Owners, Inc.** |
| --- |
| 2024 NY Slip Op 30387(U) |
| January 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656258/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                          PART                14

*Justice*

-----------------------------------------------------------------------------X

EAST 54TH OPERATING LLC

                                        Plaintiff,

                        - v -

BREVARD OWNERS, INC.,

                                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656258/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 24, 25, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

Plaintiff's motion for a Yellowstone injunction is granted.

**Background**

This action relates to a pending commercial landlord tenant dispute concerning a parking garage.  Both parties agree that the parking garage needs repairs; however, they disagree about nearly everything else related to the garage repairs including the severity of the garage's condition, the best method to complete the repairs, which party is responsible for paying for the repairs and the impact of the repairs on the tenant's (plaintiff) obligation to pay rent.

In this motion, plaintiff seeks injunctive relief related to the most recent default notice. This notice, dated December 7, 2023, provides that plaintiff failed to pay rent in November and December 2023 (NYSCEF Doc. No. 15). It also claims that plaintiff has not yet paid outstanding legal fees and real estate taxes (*id.*).

Plaintiff explains that as part of the ongoing repair work at the garage, it has been forced to close the first floor of the parking garage and, therefore, has lost the use of 135 parking

**656258/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  001**

Page 1 of 5

spaces. It claims that under the lease, the defendant (the landlord) is required to compensate plaintiff for damages for each day it is deprived of the use of a parking space. It adds that defendant seeks the payment of legal fees for the related case despite the fact that defendant has not yet prevailed in that case.

Plaintiff attaches the affidavit of its member, Mr. Spindler, who insists that the plaintiff allowed the defendant's contractors to install bracing and shoring the lower level of the garage as part of the anticipated repair work (NYSCEF Doc. No. 4, ¶ 6). Mr. Spindler observes that despite the fact that the shoring work was inserted in October 2023, the repairs have not been started (*id*. ¶ 7). He insists that defendant wants the parking garage to completely vacate the premises first before any more work is done.

Plaintiff calculates that if the provision in the lease whereby it is to be compensated for the loss of parking spaces were invoked, defendant would actually owe it money given the length of time and the number of spaces.

In opposition, defendant contends that plaintiff has repeatedly breached the terms of the lease. It insists it has served numerous notices of default to protect its rights under the lease. Defendant complains that plaintiff has simply refused to pay rent since October 2023. It contends that plaintiff is now running its business without having to pay rent.

Defendant insists that it has not threatened to terminate the lease and the default notice is merely a five-day written request for payment in which defendant reserves its right to pursue legal remedies. In fact, defendant argues that it is still barred from threatening to terminate the lease under the Yellowstone injunction granted in the related action commenced by plaintiff and so defendant drafted the instant notice to ensure it did not violate that order.

**656258/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  001**

**Page 2 of 5**

2 of 5

**Discussion**

In order to obtain a *Yellowstone* injunction, "The tenant need only demonstrate that (1) it holds a lease; (2) it received a notice of default, notice to cure, or threat to terminate the lease; (3) it requested injunctive relief prior to the termination of the lease or expiration of the cure period; and (4) it is prepared to cure the alleged default by any means short of vacating the premises" (*Elite Wine & Spirit LLC v Michelangelo Preserv. LLC*, 213 AD3d 143, 148 [1st Dept 2023]).

The parties' positions in the instant motion practice confer a baffling scenario. Defendant argues that it has not threatened to terminate the lease despite the fact that the 5-day notice warns that if the amounts are not paid, then, defendant "continues to reserve its right to seek legal action to exercise any of its rights, including, but not limited to, terminating the Lease and commencing summary proceedings to recover possession of the leased premises" (NYSCEF Doc. No. 15). Obviously, that warning implicates a possible Yellowstone injunction.

And plaintiff met its burden for such injunctive relief. The fact is that there is a legitimate and ongoing dispute about the repair of the parking garage and the effect on plaintiff and defendant. Defendant does not dispute the fact that the lower half of the parking garage and 135 spaces are unavailable to plaintiff. Moreover, plaintiff pointed to other items that it might not have to pay, including the legal fees incurred by defendant in the ongoing related action. At least until the related matter is resolved, there is no reason to find that plaintiff is in default for not paying ongoing legal fees incurred by defendant in that related litigation. To be clear, an attorneys' fees provision is not a basis to run up the amounts which may be eventually owed by a party while that litigation is ongoing. That is, an attorneys' fee provision is not a blank check.

**656258/2023   EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No.  001**

[* 3]

And, it is axiomatic that the purpose of a Yellowstone injunction is to "maintain[] the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture" (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514, 693 NYS2d 91 [1999]).

Here, the Appellate Division, First Department has ordered that this Court hold a hearing "to determine how to best reconcile plaintiff's lease obligation to provide access to the garage to defendant with plaintiff's right to remain in the premises and conduct its business" and to "ensure that the timing, duration, and conditions of vacatur are appropriate" (*E. 54th Operating LLC v Brevard Owners, Inc.*, 2024 NY Slip Op 00023 [1st Dept 2024]). Under these circumstances, before the hearing has been held (it is scheduled to begin in March 2024), the Court finds that maintaining the status quo is served by granting the instant relief. That way, there is no confusion that the leasehold cannot be terminated until further order of this Court.

The remaining issue in this motion is the question of an undertaking. Plaintiff insists it should not have to pay anything while defendant demands that plaintiff pay everything it says is owed.

The Court's primary focus in fashioning an undertaking amount is to preserve the status quo without granting a windfall to either side. On the one hand, defendant is correct to point out that plaintiff should not be permitted to run a garage without having to pay any rent. And similarly, it would be manifestly unfair at this stage of the litigation to insist that plaintiff pay for defendant's legal fees in a pending matter as well as the full rent where there is no dispute that it does not have access to 135 spaces.

**656258/2023 EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**
**Motion No. 001**

**Page 4 of 5**

4 of 5

"An undertaking should be set in an amount rationally related to the quantum of damages which [landlord] would sustain in the event that [tenant] is later determined not to have been entitled to the injunction" (*id.* [internal quotations and citations omitted]). The Court agrees with plaintiff that no undertaking is appropriate here. Plaintiff has argued, and defendant does not dispute, the fact that it has lost access to many parking spaces in its garage for months and that the repair work has not yet begun. Therefore, the status quo (at least on these papers) is that plaintiff has access to only a few spaces while defendant is waiting until there is some resolution on the manner and scope of repairs (the very issues to be explored at the hearing). And there is a provision in the lease (section 6.01[e]) that ostensibly provides plaintiff with compensation for lost spaces (although the Court makes no affirmative finding of its effectiveness here).

The best course of action, in this Court's view, is simply to go forward with the hearing and let the results of that hearing guide the financial issues raised here.

Accordingly, it is hereby

ORDERED that plaintiff's motion for a Yellowstone injunction is granted and the cure period in the December 7, 2023 notice is hereby tolled and defendant is enjoined from taking any action to terminate or cancel the commercial lease between plaintiff and defendant or starting a proceeding to evict plaintiff until further order of this Court.

| 1/31/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**656258/2023  EAST 54TH OPERATING LLC vs. BREVARD OWNERS, INC.**                **Page 5 of 5**
**Motion No.  001**

5 of 5