| |
|---|
| **170 Tlllary Corp. v Gold Tillary Realty LLC** |
| 2024 NY Slip Op 31338(U) |
| April 16, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 510354/2022 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
---------------------------------------x
170 TILLARY CORP.,

         Plaintiff,    Decision and order

    - against -        Index No. 510354/2022

GOLD TILLARY REALTY LLC,

         Defendant,    April 16, 2024
---------------------------------------x
PRESENT: HON. LEON RUCHELSMAN     Motion Seq. #4


    The defendant has moved pursuant to CPLR §2221 seeking to reargue a decision and order dated August 1, 2023. The plaintiff has opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments, this court now makes the following determination.

    As recorded in prior orders, on October 7, 1999 the plaintiff tenant entered into a lease with landlord concerning the rental of space located at 170 Tillary Street in Kings County. A notice demanding rent was served on May 8, 2023 alleging the failure to pay water and sewer charges through May 2023 and real estate taxes and rent from November 2021 through May 2023. The tenant sought and was granted a Yellowstone, staying any termination of the lease pending the resolution of the dispute regarding the demand. The court held there were disputed issues whether the amount sought was classified as rent. Moreover, the court explained that even if the amount sought was rent a Yellowstone was the proper relief following a notice to cure.

The defendant has now moved seeking to reargue that determination. They assert that they never filed a notice to cure, rather, they filed a simple rent demand. They further argue that defaulting a rent demand results in a non-payment proceeding. This is different is substance than a holdover proceeding which results when a tenant fails to cure pursuant to a notice to cure. Consequently, a Yellowstone is only available to toll a holdover proceeding and not a non-payment proceeding. Therefore, the defendant seeks reargument and upon such reargument the termination of the Yellowstone injunction.

### Conclusions of Law

A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).

As recorded in the prior decision, there are serious factual issues whether the additional rent sought can be classified as rent. Thus, the notice dated May 8, 2023, regardless of how it is classified or labeled, is not a mere rent demand. If the additional rents sought are not deemed rent then the demand is, in essence, a notice to cure which may be the subject of a Yellowstone injunction. The defendant concedes the possibility

2

[*2]

of this reality, however, asserts it does not matter. The defendant argues that even if the amounts sought are not rent and the payments of real estate taxes to the City amount to a leasehold covenant "the consequence would merely be that Plaintiff would have a defense to a non-payment proceeding predicated on these amounts. This would in no way convert the New Rent Demand to a notice to cure" (see, Memorandum in Support, page 6 [NYSCEF Doc. No. 128]). However, other than the payment of strict rent there would be no basis to conduct a non-payment proceeding at all. Indeed, there is no dispute the tenant has made all strict rental payments and this dispute only involves other charges including taxes and sewer payments and whether these other charges may properly be classified as rent. Thus, there would be no non-payment proceeding at all in which to assert these defenses. Indeed, these defenses should be raised in a holdover proceeding. Therefore, as already explained, the notice dated May 8, 2023 could only be challenged by seeking a Yellowstone regardless of the notice's purported representations as nothing more than a rent demand. Further, it is well settled that when questions of fact exist a Yellowstone injunction should not be denied since doing so would adjudicate the underlying case (see, Boi To Go Inc., v. Second 800 No. 2 LLC, 58 AD3d 482, 870 NYS2d 334 [1st Dept., 2009], W & G Wines LLC v. Golden Chariot Holdings LLC, 46 MIsc3d 1202(A), 7 NYS3d 245 [Supreme Court Kings

3

County 2014]). Thus, the fact there are questions about the nature of the additional rent does not mean a Yellowstone cannot be granted.

Additionally, the legal truism that a tenant is not faced with the termination of a lease in a non-payment proceeding is really beside the point. As explained, the additional rent, at this juncture, has not been adjudicated as rent and therefore a non-payment proceeding is not the right venue to adjudicate these claims. Indeed, these arguments can be viewed as a request to reargue the underlying determination that the additional rent sought may not be base rent. While such arguments are not expressly made, the repeated insistence that a non-payment proceeding is the proper method of adjudicating these issues, highlights such relief. Based on the reasons outlined in the prior decision the court declines to reconsider the conclusions reached there.

Consequently, since the claims contained in the May 8, 2023 notice seek compliance regarding matters other than rent a Yellowstone is proper. Therefore, the motion seeking reargument is denied.

Turning to the issue of an undertaking, it is well settled that upon granting a Yellowstone injunction the court may impose reasonable conditions including the posting of an undertaking (Sportsplex of Middletown, Inc., v. Catskill Regional Off-Track

4

Betting Corp., 221 AD2d 428, 633 NYS2d 588 [2d Dept., 1995]). Thus, the imposition of an undertaking is discretionary (see, Mayfair Super Markets Inc., v. Serota, 262 AD2d 461, 692 NYS2d 415 [2d Dept., 1999]). An undertaking would be appropriate for an amount rationally related to the damages that can be suffered if the relief should not have been granted (Bennigen's of New York Inc., v. Great Neck Plaza L.P., 223 AD2d 615, 636 NYS2d 835 [2d Dept., 1996]).

In this case the defendant has not presented any damages that it could incur if the Yellowstone should not have been issued. In fact, the defendant admits it seeks an undertaking just to insure the plaintiff maintains the ability to cure. However, that is an improper basis since that does not relate to the damages if the injunction should not have been granted (see, East 54th Operating LLC v. Brevard Owners LLC, 223 AD3d 407, 202 NYS3d 320 [1st Dept., 2024], Ballinteer Corp v. SNRP West 37 LLC, 217 AD3d 597, 191 NYS3d 632 [1st Dept., 2023]). This is especially true in this case where any taxes owed are stayed pending a determination regarding the tenant's tax certiorari action instituted against New York City. Thus, no damages can accrue to the defendant. Therefore, the motion seeking an undertaking is denied at this time.

So ordered.

ENTER:

DATED: April 16, 2024
       Brooklyn N.Y.
                 Hon. Leon Ruchelsman
                 JSC

5

[*5]