■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant-Respondent, v BLOCK 3102 CORPORATION et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered October 7, 1991, which denied plaintiff's motion for summary judgment against defendants except to the extent of dismissing the corporate defendant's second affirmative defense and the individual defendants' four affirmative defenses, unanimously modified, on the law, to the extent of dismissing the corporate defendant's first affirmative defense and granting plaintiff's motion for summary judgment and, except as so modified, affirmed, without costs.

Plaintiff commenced this action to recover outstanding sums

due under a building loan promissory note and written guarantees. Defendants interposed affirmative defenses of breach of contract, breach of fiduciary duties during the construction of the project, fraudulent inducement in the execution of the guarantees, negligent representations and negligent administration of the loan.

The language of the guarantees specifies that they are absolute and unconditional, negating the claim of fraudulent inducement *(Citibank v Plapinger,* 66 NY2d 90, *rearg denied* 67 NY2d 647; *Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 34). A tort action may only be asserted in an action for breach of contract where the underlying agreement gives rise to a duty independent of the contract obligation *(Luxonomy Cars v Citibank,* 65 AD2d 549, 550; *see, Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 210-211). Nor is there a duty of care owed to a guarantor with respect to the alleged negligent administration of an underlying loan *(Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank,* 135 AD2d 102, 109). The legal relationship between a borrower and a bank is a contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its borrower or its guarantors. Thus, the court properly dismissed the guarantors' four affirmative defenses and the corporation's second affirmative defense of breach of fiduciary duty.

Defendants allege that the borrower defaulted because plaintiff refused to approve sales of condominium units at prices which did not conform to the requirements of the mortgage and of the consolidation and extension agreement. The agreement provides that plaintiff will release its mortgage lien against an individual unit upon receipt of 90 percent of the gross sales price, which must be sufficient to yield at least the minimum release price specified in the agreement for the type of unit sold. However, by the time construction was completed, the real estate market had softened, and plaintiff released its lien against all units sold even though the sales prices were insufficient to yield the corresponding release prices. Subsequently, defendants allege, plaintiff notified the borrower that it would thereafter insist that sales conform to contract requirements. Defendants allege that the resultant failure to sell any more condominium units forced the borrower's default on the note.

The loan agreements specify that they can be modified only by a writing. While such contracts may be orally modified if the modification agreement is supported by consideration, there is no evidence to suggest that plaintiff gained any

financial advantage or that defendants incurred any detriment by reason of plaintiff's release of its lien against the individual condominium units upon conditions less exacting than those recited in the consolidation and extension agreement. The change in repayment terms represents merely an accommodation to the borrower. Without consideration, no modification is established.

Similarly, a contracting party may orally waive enforcement of a contract term notwithstanding a provision to the contrary in the agreement *(Alside Aluminum Supply Co. v Berliner,* 32 AD2d 731). Such waiver may be evinced by words or conduct, including partial performance *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343-344). Convincing evidence was presented that plaintiff waived the minimum release provisions of its agreement with the borrower. However, in the absence of any detriment resulting from a change of position by defendants, the waiver does not give rise to an estoppel. The agreement expressly provides that the waiver of any provision on one occasion does not bar its enforcement on a subsequent occasion. Waiver is unilateral and, "not being a binding agreement, can, to the extent that it is executory, be withdrawn, provided the party whose performance has been waived is given notice of withdrawal and a reasonable time after notice within which to perform" *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184). Defendants, in their brief, concede that they were informed of plaintiff's insistence on compliance with the minimum release price provisions in February 1990. The borrower defaulted in July, and formal notice of default was delivered in August, following which plaintiff declared the entire indebtedness due and payable. Defendants were accorded sufficient time within which to attempt to sell units at the prices contemplated in the consolidation and extension agreement *(compare, Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank, supra).* Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.