■ KING PARTY CENTER OF PITKIN AVENUE, INC., Respondent, v MINCO REALTY, L. L. C., Appellant. [729 NYS2d 183] —In

an action, *inter alia*, for a judgment declaring that the plaintiff is not in breach of the terms of a lease, the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated August 16, 2000, which granted the plaintiff's motion for a *Yellowstone* injunction and denied its cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was to dismiss the second cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the appellant.

A tenant seeking *Yellowstone* relief must demonstrate that (1) it holds a commercial lease, (2) it has received a notice of default, notice to cure, or threat of termination of the lease, (3) the application for a temporary restraining order was made prior to expiration of the cure period and termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630; *Mayfair Super Mkts. v Serota*, 262 AD2d 461). The purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold (*see, Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.*, 93 NY2d 508, 514; *Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs. Ltd. Partnership*, 224 AD2d 591, 593; *Sportsplex of Middletown v Catskill Regional Off-Track Betting Corp.*, 221 AD2d 428). There is no basis for a *Yellowstone* injunction where it is sought after the expiration of the period to cure or after the service of the notice of termination (*see, Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs. Ltd. Partnership, supra*, at 593; *Rappa v Palmieri*, 203 AD2d 270; *T.W. Dress Corp. v Kaufman*, 143 AD2d 900; *R.P.S.P. Pasta Corp v Tor Val.*, 229 AD2d 783, 784; *S.E. Nichols, Inc. v American Shopping Ctrs.*, 115 AD2d 856).

The defendant landlord, Minco Realty, L. L. C. (hereinafter Minco), served a 15-day notice to cure dated June 21, 2000, on the plaintiff tenant, King Party Center of Pitkin Avenue, Inc. (hereinafter King). When King failed to cure the alleged defaults within the 15-day period, Minco served a three-day notice of termination dated July 19, 2000. Minco demanded

that King vacate the premises on or before July 31, 2000. By order to show cause dated July 28, 2000, 18 days after the expiration of the cure period, King moved for a *Yellowstone* injunction. Minco cross-moved to dismiss the complaint on the ground that King's motion for a *Yellowstone* injunction was untimely. The Supreme Court granted King's motion and denied Minco's cross motion in its entirety.

The Supreme Court erred in granting King's motion since King did not move for injunctive relief until after the expiration of the cure period specified in Minco's notice to cure, and after the notice of termination of the lease had been served. King's failure to move for a restraining order before the cure period expired resulted in an irrevocable lapse of the time to cure and divested the Supreme Court of its power to grant a *Yellowstone* injunction (*see, Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs. Ltd. Partnership, supra,* at 593; *Norlee Wholesale Corp. v 4111 Hempstead Turnpike Corp.,* 138 AD2d 466, 470). Thus, King's arguments addressed to the merits of the alleged defaults, including the contention that no default could occur before the "commencement date" of the lease, are irrelevant insofar as the *Yellowstone* injunction is concerned. Moreover, the notice to cure provided sufficient detail to alert King to the alleged defaults. It stated (1) the specific paragraphs in the lease with which King had allegedly failed to comply, (2) the manner in which it was claimed that King had not met the requirements of those paragraphs, (3) the time within which King had to comply, and (4) the consequences for failure to correct the alleged deficiencies (*cf., Cohn v White Oak Coop. Hous. Corp.,* 243 AD2d 440). Under the circumstances of this case, King's alleged inability to cure the default in providing the proper insurance certificate within the 15-day period did not serve to extend its time to cure the default (*cf., Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs. Ltd. Partnership, supra,* at 593).

We do not pass on King's argument, raised for the first time on appeal, that, separate and apart from the *Yellowstone* injunction, King satisfied the requirements for the issuance of a preliminary injunction pursuant to CPLR 6301.

Accordingly, Minco's cross motion to dismiss the complaint should have been granted to the extent of dismissing the second cause of action in the complaint, which was for injunctive relief. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.