■ MARATHON OUTDOOR, LLC, Appellant, v PATENT CONSTRUCTION SYSTEMS DIVISION OF HARSCO CORPORATION, Respondent. [760 NYS2d 528] —In an action for a judgment declaring the plaintiff's rights under a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated October 10, 2001, which granted the defendant's cross motion, inter alia, for summary judgment dismissing the complaint, and denied, as academic, its motion to enjoin the defendant from taking action to terminate the lease.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the complaint is reinstated, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the imposition of an appropriate undertaking.

In August 1998 the plaintiff leased space on the defendant's real property in Queens, upon which it planned to erect two freestanding commercial advertising billboards. Although building permits were initially obtained, in the spring of 1999 the New York City Department of Buildings revoked three of the four relevant permits, because, inter alia, the new billboards would be too large and/or too close in proximity to an arterial highway, the Long Island Expressway.

The parties agreed to suspend the plaintiff's rental payment obligations until the plaintiff resolved its administrative disputes with the City of New York or until May 1, 2001, at the latest. By letter dated June 20, 2001, the defendant noted the absence of apparent progress in resolving matters with the city, and the plaintiff's failure to resume paying rent, and declared the plaintiff to be in default under the lease. Within the provided 30-day cure period, the plaintiff commenced this proceeding and sought a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]). The

Supreme Court denied the plaintiff's motion and granted the defendant's cross motion for summary judgment dismissing the complaint. We reverse.

A *Yellowstone* injunction forestalls the cancellation of a lease to afford the tenant an opportunity to obtain a judicial determination of its breach, the measures necessary to cure it, and those required to bring the tenant in future compliance with the terms of the lease (*see Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc.,* 85 NY2d 600, 606 [1995]). A tenant seeking *Yellowstone* relief must demonstrate that: (1) it holds a commercial lease, (2) it has received from the landlord a notice of default, a notice to cure, or a concrete threat to terminate the lease, (3) the application for a temporary restraining order was made prior to the termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises (*see Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591, 593 [1996]). Since a *Yellowstone* injunction is designed to avoid the tenant's forfeiture of its valuable leasehold interest while it challenges the propriety of the landlord's default notice, courts "accept[ed] far less than the normal showing required for preliminary injunctive relief" (*Heavy Cream v Kurtz,* 146 AD2d 672, 673 [1989] [internal quotation marks omitted]).

In this case, the primary thrust of the plaintiff's application for a *Yellowstone* injunction centered upon its hope that a constitutional challenge by another billboard advertising firm in an unrelated action (*see Infinity Outdoor v City of New York,* 165 F Supp 2d 403 [2001]) would result in a favorable determination declaring the relevant zoning ordinance provisions unconstitutional, thus negating the revocation of the plaintiff's building permits herein, and also negating the grounds for the defendant's declaration of a default. The Supreme Court correctly recognized that the plaintiff could not obtain a *Yellowstone* injunction staying the status quo in this case, pending a possible outcome in another case (*see Metropolis Westchester Lanes v Colonial Park Homes,* 187 AD2d 492 [1992]; *Pergament Home Ctrs. v Net Realty Holding Trust,* 171 AD2d 736 [1991]; *Cemco Rests. v Ten Park Ave. Tenants Corp.,* 135 AD2d 461 [1987]).

However, the plaintiff does have other potential means to cure the alleged default. It may post noncommercial public service advertisements upon the billboards or it may be able to reach agreement with the defendant to relocate its billboards or to decrease their size, or convert them to business accessory

status without running afoul of the city zoning regulations that led to the revocation of the building permits. The plaintiff has professed both an ability and a willingness to do whatever is necessary to cure its alleged default. Given the valuable leasehold interests at stake, the plaintiff's application for a *Yellowstone* injunction should have been granted. The matter is remitted to the Supreme Court, Queens County, for the imposition of an appropriate undertaking (*see Terosal Props. v Bellino,* 257 AD2d 568 [1999]; *Cohn v White Oak Coop. Hous. Corp.,* 243 AD2d 440 [1997]).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.