HARRY GOLDSTEIN et al., Appellants, et al., Plaintiffs, v KOHL's, Respondent. [792 NYS2d 182]—

In an action, inter alia, for a judgment declaring the parties' rights under a lease, the plaintiffs Harry Goldstein and Richard Cooke appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Jamieson, J.), entered October 29, 2003, which denied their motion for a *Yellowstone* injunction, granted the defendant's cross motion for summary judgment, and is in favor of the defendant and against them.

Ordered that the order and judgment is affirmed, with costs, and it is declared that the lease was properly terminated.

An application for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]), must be made prior to the termination of the lease, as courts cannot reinstate a lease after the lapse of the time specified to cure a default (*id.* at 638; *see King Party Ctr. of Pitkin Ave. v Minco Realty,* 286 AD2d 373, 375 [2001]; *Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591, 593 [1996]). Contrary to the appellants' contentions, their motion for a *Yellowstone* injunction was untimely since they commenced this action after the defendant properly issued a notice of termination of the lease.

Furthermore, the notice to cure and the notice of termination prepared by the defendant's in-house senior attorney were properly served, as the appellants did not reject the notice and acted on the notice immediately (*see Rogers v New York Tel. Co.,* 74 AD2d 526 [1980]).

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law on that branch of its cross motion which was summary judgment dismissing the complaint, the appellants failed to raise a triable issue of fact, including, inter alia, whether the defendant breached the lease and whether the appellants were in default on the lease.

The appellants' remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.