KOROVA MILK BAR OF WHITE PLAINS, INC., Appellant, v PRE PROPERTIES, LLC, Respondent. [894 NYS2d 499]—

In an action, inter alia, for a judgment declaring that the plaintiff did not violate the terms of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scheinkman, J.), entered July 31, 2009, which denied its motion for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]).

Ordered that the order is affirmed, with costs.

In March 2007 the plaintiff tenant and the defendant landlord entered into a written lease regarding certain commercial premises in White Plains. Pursuant to the lease, the plaintiff operated a bar and restaurant at the premises under the name

of Korova Milk Bar. In late June 2009 the defendant served the plaintiff with a notice to cure which alleged, inter alia, that on several occasions the plaintiff allowed its patrons to engage in illegal conduct at the premises. In accordance with the lease, the notice to cure set forth a cure date of July 15, 2009. Prior to the cure date, the plaintiff's principals wrote to the defendant's principal questioning the propriety of the notice to cure. The defendant's principal did not respond to the letter. On or about July 22, 2009, a notice of termination of the lease was served upon the plaintiff.

Upon the commencement of this action on July 27, 2009, nearly two weeks after the expiration of the cure period, the plaintiff also moved, by order to show cause, for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]). The Supreme Court declined to grant the plaintiff a temporary restraining order prohibiting the defendant from terminating the plaintiff's tenancy and tolling the time in which to cure the alleged defaults. In the order appealed from, the Supreme Court subsequently denied the plaintiff's motion for a *Yellowstone* injunction, concluding that the motion was untimely and that the Supreme Court was without authority to extend the previously expired cure period. We affirm.

"The purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination on the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold" (*Hopp v Raimondi*, 51 AD3d 726, 727 [2008]; *see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]).

Since "courts cannot reinstate a lease after the lapse of time specified to cure a default" (*Goldstein v Kohl's*, 16 AD3d 622, 623 [2005]), an application for *Yellowstone* relief must be made not only before the termination of the subject lease—whether that termination occurs as a result of the expiration of the term of the lease, or is effectuated by virtue of the landlord's proper and valid service of a notice of termination upon the tenant after the expiration of the cure period—but must also be made prior to the expiration of the cure period set forth in the lease and the landlord's notice to cure (*see Xiotis Rest. Corp. v LSS Leasing, LLC*, 50 AD3d 678, 679 [2008]; *Hempstead Video, Inc. v 363 Rockaway Assoc., LLP*, 38 AD3d 838 [2007]; *Gihon, LLC v 501 Second St.*, 306 AD2d 376 [2003]; *King Party Ctr. of Pitkin Ave. v Minco Realty*, 286 AD2d 373, 374 [2001]; *Mayfair Super Mkts. v Serota*, 262 AD2d 461 [1999]; *Terosal Props. v Bellino*, 257 AD2d 568 [1999]). To the extent that any of our prior deci-

sions may be construed as fixing a different or longer period of time in which an application for *Yellowstone* relief must be made (*see Goldstein v Kohl's*, 16 AD3d at 623; *Purdue Pharma v Ardsley Partners*, 5 AD3d 654, 655 [2004]; *Marathon Outdoor v Patent Constr. Sys. Div. of Harsco Corp.*, 306 AD2d 254, 255 [2003]; *Empire State Bldg. Assoc. v Trump Empire State Partners*, 245 AD2d 225, 229 [1997]; *Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership*, 224 AD2d 591 [1996]), we expressly reject any such construction.

Where a tenant fails to make a timely request for a temporary restraining order, a court is divested of its power to grant a *Yellowstone* injunction (*see Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership*, 224 AD2d at 593). Here, the Supreme Court properly denied the plaintiff's motion for a *Yellowstone* injunction. Contrary to the plaintiff's contention, its motion for *Yellowstone* relief was untimely since it commenced the action after the defendant properly served a notice to cure, the cure period expired, and the lease was terminated pursuant to a validly served notice of termination (*see King Party Ctr. of Pitkin Ave., Inc. v Minco Realty*, 286 AD2d at 375).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Santucci, Florio and Hall, JJ., concur.