*815 OPINION OF THE COURT
Carolyn E. Demarest, J.
Plaintiff moves by order to show cause seeking arbitration to determine whether the defendant unreasonably withheld its consent for the plaintiff to sublet a commercial property and to enjoin the defendant from commencing a summary proceeding in the Civil Court pending the determination of the arbitration proceeding.
Background
Plaintiff Red Hook Meat Corp. is the subtenant of defendant sublandlord Bogopa-Columbia, Inc. The sublease (for clarity hereinafter referred to as the Lease) between the plaintiff and the defendant is for the premises known as 498 Columbia Street, Brooklyn, New York (Property). The term of the Lease commenced on June 1, 2004 and was for an initial term of 17 years, ending on September 22, 2021. Since July of 2007, plaintiff has sublet a portion of the Property to a nonparty, New York General Distributors, Inc., pursuant to a sub-sublease (Sublease).[1] The Lease requires plaintiff to obtain consent prior to any subletting of the Property by the plaintiff, which consent would “not be unreasonably withheld or delayed.” The defendant argues that it did not consent to the Sublease prior to its execution.
In the affidavit in support of the plaintiff’s order to show cause, Damien Castillo, president of the plaintiff, alleges that in July of 2007, he spoke to both “Mr. Kyo” and “Mr. Kim,” alleged representatives of the defendant, about the plaintiff’s intent to sublease a portion of the Property and provided the defendant’s principals with a copy of the Subleasé agreement. Castillo also asserts that plaintiffs attorney sent a copy of the Sublease agreement to the defendant on July 13, 2010 along with a cover letter.[2] Castillo claims that through these conversations, the defendant became aware of the Sublease but did not object to it until plaintiff received a notice to cure from the defendant dated October 12, 2010 (Notice to Cure) and the de *816 fendant continued to accept rent payments from the plaintiff in the interim.[3] In opposition to the order to show cause, the defendant did not contest plaintiffs assertions as to when the defendant became aware of the Sublease.
The Notice to Cure stated that the plaintiff was:
“in default of substantial obligations of your [Lease] ... in that you have, without the consent of [defendant], sub-let and/or allowed to be licensed the rear of the subject premises, to one (1) or both of the following entities using such space for non-supermarket uses: [New York General Distributors, Inc.]; and
“PLEASE TAKE FURTHER NOTICE, that pursuant to Paragraph 6 (A) of the aforesaid [Lease], you must cure these above cited violations of substantial obligations of your tenancy on or before November 8, 2010 . . . and if you fail to cure said defaults on or before that date, then [the defendant] will elect to terminate your tenancy in accordance with the applicable provisions of the [Lease] and the law. . ..”
Defendant served a notice of termination on the plaintiff on November 16, 2010, terminating the Lease and requiring the plaintiff to vacate the Property by November 26, 2010.
On November 19, 2010, after the cure period had expired and the notice of termination was sent to the plaintiff, plaintiff commenced this action and brought an order to show cause seeking a Yellowstone injunction. The complaint seeks a declaratory judgment that the plaintiff did not breach the Lease, the defendant breached the Lease by failing to object to the Sublease for 21h years, thereby denying the plaintiff of the opportunity to have the refusal of consent reviewed in arbitration, and to enjoin the defendant from terminating the Lease. On November 30, 2010, this court denied plaintiffs order to show cause as it appeared that the court did not have the authority to issue a Yellowstone injunction pursuant to Korova Milk Bar of White Plains, Inc. v PRE Props., LLC (70 AD3d 646 [2d Dept 2010]). This court noted that the order to show cause “was made after the cure period had expired” and “[t]he Civil Court has authority to adjudicate all issues raised herein.”
*817 Although the memorandum of law in support of the first order to show cause referenced the arbitration provision in the Lease, that order to show cause did not specifically seek an order referring the matter to arbitration. Plaintiff now brings a second order to show cause seeking an order referring to arbitration the issue of whether the defendant has unreasonably withheld its consent to sublet the Property and to enjoin and restrain the defendant from commencing a summary proceeding or taking other action to terminate the Lease.
Defendant opposes the motion arguing that the court does not have the authority to enjoin a landlord from commencing a commercial landlord-tenant holdover summary proceeding after the cure period has expired. Further, defendant argues that plaintiff failed to give the defendant notice of its intention to seek arbitration within 10 days of receiving the Notice to Cure pursuant to the Lease, thereby waiving the Lease’s arbitration provision. The critical Lease provision is paragraph 16 which states:
“Consents. If [plaintiff] believes that [defendant] has unreasonably withheld its consent, acceptance or approval hereunder with respect to an assignment or sublet proposed by [plaintiff], [plaintiff] may, within ten (10) days after [plaintiff] has received notice that [defendant] has withheld its consent, acceptance or approval give notice to [defendant] of [plaintiffs] intention to submit the question of whether [defendant’s] consent, acceptance or approval was withheld unreasonably to expedited arbitration . . . .”
Plaintiff argues that the defendant implicitly consented to the Sublease by accepting rent from the plaintiff after the defendant had notice of the Sublease for over 2x/2 years, thereby waiving the contractual requirement of obtaining the defendant’s consent prior to the Sublease’s execution and precluding the defendant from objecting to the Sublease.[4] The plaintiff further argues that, with no right to object to the Sublease, the defendant could not have notified the plaintiff of such an objection so as to have started the 10-day period within which the plaintiff could seek arbitration. Consequently, the plaintiff contends that the 10-day demand period never started and it can still seek arbitration. Defendant argues that the plaintiffs claim of waiver *818 should properly be raised as a defense in a holdover summary proceeding.
Discussion
On motions to stay or to compel arbitration, there are three threshold questions to be resolved by the court: whether the parties made a valid agreement to arbitrate; whether, if such an agreement was made, it has been complied with; and whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in a court of the State (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 5 [1980]; see CPLR 7503 [a]). The first of these questions is not in dispute as both parties agree that a valid arbitration clause is contained in the Lease. No statute of limitations issue has been raised. Therefore, the sole issue is whether the terms of the arbitration clause have been complied with by the party attempting to compel arbitration (see Shah v Monpat Constr., Inc., 65 AD3d 541, 543-544 [2d Dept 2009]).
It is undisputed that the plaintiff failed to provide the defendant with notice of its intention to seek arbitration within 10 days of receiving the Notice to Cure dated October 12, 2010. However, the plaintiff argues that the defendant waived its objection to the Sublease by accepting rent from the plaintiff when it had knowledge of the Sublease.
“When rent is accepted with knowledge of particular conduct which is claimed to be a default, the acceptance of such rent constitutes a waiver by the landlord of the default” (Atkin’s Waste Materials v May, 34 NY2d 422, 427 [1974], citing Woollard v Schaffer Stores Co., 272 NY 304, 312 [1936]). However, where a “landlord has promptly demanded correction of the disputed conduct,” waiver is a question of fact (Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 6 [1st Dept 2006], citing Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 448-449 [1984]; see 380 Yorktown Food Corp. v Great Atl. & Pac. Tea Co., Inc., 30 AD3d 403, 406 [2d Dept 2006]). Further, a party that has waived a condition of performance, may give notice that the waiver has been withdrawn (see Madison, 30 AD3d at 7, citing Bank Leumi Trust Co. of N.Y. v Block 3102 Corp., 180 AD2d 588, 590 [1st Dept 1992] [holding, “(w)aiver is unilateral and, ‘not being a binding agreement, can, to the extent that it is executory, be withdrawn, provided the party whose performance has been waived is given notice of withdrawal and a reasonable time after notice within which to perform’ ”]).
*819 Accordingly, for the purpose of determining whether the plaintiff complied with the terms of the arbitration provision, the Notice to Cure clearly demonstrated that, even if the defendant was aware of the Sublease while accepting rent from the plaintiff, the defendant withdrew any prior waiver of the alleged default and provided the plaintiff the opportunity to cure the default (see Madison, 30 AD3d at 7; Bank Leumi, 180 AD2d at 590; Witkoff v Shopwell, Inc., 112 AD2d 295, 296 [2d Dept 1985]). However, as it is beyond the scope of this motion, this court will not address whether the defendant had actually waived the alleged default at any point or whether the Notice to Cure was sufficient to allow the plaintiff a reasonable time to perform. The Civil Court has the authority to adjudicate these issues if they are raised in a summary proceeding.
As the defendant clearly withdrew any potential waiver of a default under the terms of the Lease by providing the plaintiff with the Notice to Cure, plaintiffs motion for an order referring the matter to arbitration is denied as it failed to comply with a condition precedent in the Lease. Paragraph 16 of the Lease requires the plaintiff to give notice to the defendant of the plaintiffs “intention to submit the question of whether [defendant’s] consent, acceptance or approval [of the sublease] was withheld unreasonably to expedited arbitration” within 10 days of receiving notice from the defendant of its refusal to consent. The plaintiff did not provide the defendant with notice of its intention to submit this issue to arbitration within 10 days of receiving the Notice to Cure pursuant to this condition precedent. Even if the commencement of this action, which seeks a referral to arbitration, were considered a demand for arbitration, the action was not commenced within 10 days of receiving the Notice to Cure. Accordingly, as the plaintiff failed to comply with a condition precedent in the Lease with respect to the arbitration provision, and plaintiffs argument that the defendant waived the alleged default is unavailing, plaintiffs motion for the referral to arbitration is denied (see Shah, 65 AD3d at 543-544; Matter of Home Indem. Co. v Messana, 139 AD2d 513 [2d Dept 1988]).
Upon the authority of Korova Milk Bar (70 AD3d at 646), this court is without the authority to enter a Yellowstone injunction since the application was made after the cure period expired and the Lease was therefore terminated. Accordingly, this court’s order of December 7, 2010 restraining and enjoining the defendant from commencing a summary or holdover proceeding *820 is vacated and the relief requested in plaintiffs order to show cause seeking a further injunction is denied.
Conclusion
Accordingly, plaintiffs order to show cause seeking to compel arbitration and enjoin the defendant from commencing a summary or holdover proceeding is denied.
This court’s order of December 7, 2010 restraining and enjoining the defendant from commencing a summary or holdover proceeding is hereby vacated.

. The contract between plaintiff and nonparty New York General Distributors, Inc. is a sub-sublease. For clarity, it will be referred to as the “Sublease.”

. Although referenced as an exhibit in the order to show cause, the July 13, 2010 letter was omitted from the papers. Upon direction of the court while this matter was sub judice, plaintiff provided the letter to the court on notice to defendant’s counsel.

. Defendant also alleges to have served a notice to cure on the plaintiff on June 21, 2010. However, the defendant acknowledges that this notice to cure was technically flawed.

. At oral argument on December 7, 2010, counsel indicated that defendant had accepted rent payments from plaintiff through October of 2010.