(July 12, 2011)

■ BARSYL SUPERMARKETS, INC., Respondent, v AVENUE P ASSOCIATES, LLC, Appellant. [928 NYS2d 45]—

In 1984 the plaintiff, as tenant (hereinafter the tenant), entered into a commercial lease with 180th Operating Company, as landlord. The initial lease and subsequent extensions provided for a lease term that ended in 2015. The lease provided that the tenant was required to produce, upon the demand of

the landlord, an "estoppel certificate" certifying the ongoing validity of the lease and the status of the tenant's obligations to the landlord, on which a prospective purchaser of the leasehold premises could rely in conducting a "due diligence" review of the desirability of purchasing the premises.

On April 26, 2007, 180th Operating Company purportedly sent to the tenant a demand for an estoppel certificate. In May 2007 the defendant Avenue P Associates, LLC (hereinafter the landlord), acquired the subject property. On May 31, 2007, the landlord sent the tenant a "Notice of Termination," reciting that the tenant defaulted under the lease by failing to provide an estoppel certificate as demanded, and that, based on that default, the lease would be terminated in 30 days, i.e., on June 29, 2007. On June 25, 2007, the tenant commenced the instant action and sought, inter alia, a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]). The Supreme Court granted the *Yellowstone* injunction on the condition that the tenant post an injunction bond to reimburse the landlord in case it were later determined that the tenant was not entitled to the injunction (*see* CPLR 6312 [b]).

"A *Yellowstone* injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture" of the lease (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). To obtain a *Yellowstone* injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises (*see Trump on the Ocean, LLC v Ash*, 81 AD3d 713, 716 [2011]; *Korova Milk Bar of White Plains, Inc. v PRE Props., LLC*, 70 AD3d 646, 647 [2010]; *see generally Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d at 514). Here, the Supreme Court did not err in issuing a *Yellowstone* injunction, as the tenant satisfied all of the aforementioned criteria in support of its motion.

Contrary to the landlord's contention, it was the service of the notice of termination on May 31, 2007, that constituted "either a notice of default, a notice to cure, or a threat of termina-

tion of the lease," and not the letter dated April 26, 2007, setting forth the demand for an estoppel certificate (*see generally Mayfair Super Mkts. v Serota*, 262 AD2d 461 [1999]; *M.B.S. Love Unlimited v Jaclyn Realty Assoc.*, 215 AD2d 537 [1995]). The letter dated April 26, 2007, constituted an initial demand for an estoppel certificate, rather than a notice of default. The default would not occur until the tenant failed to comply with that demand, in accordance with the terms of the lease. Thus, the letter dated April 26, 2007, cannot be construed as having commenced a cure period. Further, pursuant to the terms of the lease, the landlord was required to provide a cure period of at least 10 days before terminating the lease based on an alleged default. Under these circumstances, the notice of termination dated May 31, 2007, must be deemed a notice to cure the tenant's alleged default in failing to comply with the prior April 26, 2007 demand for an estoppel certificate (*see Mayfair Super Mkts. v Serota*, 262 AD2d at 462; *see also Cohn v White Oak Coop. Hous. Corp.*, 243 AD2d 440, 440-441 [1997]).

"Since 'courts cannot reinstate a lease after the lapse of time specified to cure a default,' an application for *Yellowstone* relief must be made not only before the termination of the subject lease—whether that termination occurs as a result of the expiration of the term of the lease, or is effectuated by virtue of the landlord's proper and valid service of a notice of termination upon the tenant after the expiration of the cure period—but must also be made prior to the expiration of the cure period set forth in the lease and the landlord's notice to cure" (*Korova Milk Bar of White Plains, Inc. v PRE Props., LLC*, 70 AD3d at 647, quoting *Goldstein v Kohl's*, 16 AD3d 622, 623 [2005]). Here, the notice of termination dated May 31, 2007, indicated that, based on the tenant's failure to comply with the prior demand for an estoppel certificate, the landlord intended to terminate the lease on June 29, 2007. Thus, the landlord provided the tenant with 30 days notice of termination, in satisfaction of the minimum 10-day notice period required by the lease. Inasmuch as the tenant commenced this action on June 25, 2007, and simultaneously sought the *Yellowstone* injunction, the motion for *Yellowstone* relief was timely.

Further, the tenant sufficiently satisfied the remaining elements for the issuance of a *Yellowstone* injunction, including showing that it was willing and able to cure any default (*see Marathon Outdoor v Patent Constr. Sys. Div. of Harsco Corp.*, 306 AD2d 254, 255-256 [2003]; *Terosal Props. v Bellino*, 257 AD2d 568, 568-569 [1999]).

Since the Supreme Court did not err in granting the tenant's

motion for a *Yellowstone* injunction, it properly directed the discharge of the injunction bond upon awarding summary judgment to the tenant.

Moreover, the Supreme Court did not err in concluding that the tenant cured any default by submitting a proper estoppel certificate during the pendency of the *Yellowstone* injunction, which extended the period for the tenant to cure any default (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d at 514). In support of its summary judgment motion, the tenant submitted evidence establishing, prima facie, that it provided the landlord with a proper estoppel certificate during the pendency of that injunction. In opposition to the tenant's showing in this regard, the landlord failed to raise a triable issue of fact as to whether the estoppel certificate that was submitted during the pendency of the *Yellowstone* injunction failed to comply with the requirements of the lease (*see Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933, 934-935 [2009]). Consequently, the Supreme Court did not err in concluding that the submission of that estoppel certificate by the tenant cured any alleged default.

Accordingly, the Supreme Court did not err in awarding summary judgment to the tenant, inter alia, declaring that it did not breach the lease and dismissing the landlord's counterclaims for ejectment and to recover damages based on the alleged breach.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the tenant did not breach the lease (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Austin and Cohen, JJ., concur.