The Supreme Court properly determined that the plaintiff failed to establish its entitlement to Yellowstone relief (see First Natl. Stores v Yellowstone Shopping Ctr, 21 NY2d 630 [1968]). “A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by *1090 obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture” of the lease (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]).
“To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord’s notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises” (Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545, 546 [2011]; see Trump on the Ocean, LLC v Ash, 81 AD3d 713, 716 [2011]; Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647 [2010]; see generally Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d at 514).
Here, the plaintiff failed to demonstrate that it was not in breach of the provision of the lease agreement requiring it to maintain a policy of insurance naming the defendant as an additional insured. Under the circumstances of this case, the failure to maintain the requisite insurance would be an incurable default that formed an independent basis for the denial of Yellowstone relief (see Kyung Sik Kim v Idylwood, N.Y., LLC, 66 AD3d 528 [2009]; Grenadeir Parking Corp. v Landmark Assoc., 294 AD2d 313, 314 [2002]; Zona, Inc. v Soho Céntrale, 270 AD2d 12, 14 [2000]). Contrary to the plaintiffs contention, certificates of insurance, which were issued as a matter of information only, were insufficient to establish that it maintained the requisite insurance or was capable of curing its default (see Penske Truck Leasing Co. v Home Ins. Co., 251 AD2d 478 [1998]). Skelos, J.P., Hall, Roman and Cohen, JJ., concur.