Appeals from (1) an order of the Supreme Court, Queens County (Martin E. Ritholtz, J.), entered June 3, 2015, and (2) an order of that court entered October 14, 2015. The order entered June 3, 2015, denied the motion of the defendants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC, for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630 [1968]). The order entered October 14, 2015, insofar as appealed from, denied that branch of the motion of the defendants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC, which was for leave to renew their prior motion for a Yellowstone injunction.
 

 Ordered that the order entered June 3, 2015, is affirmed; and it is further,
 

 Ordered that the order entered October 14, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 In April 2003, the plaintiff landlord entered into a lease of certain commercial property with the defendant tenant, Pi Associates, LLC (hereinafter Pi Associates). Subsequently, the plaintiff served 15-day notices of default dated October 7, 2014, on Pi Associates and its principal, the defendant James Pi, alleging several defaults, which included the assignment of the lease, without the plaintiffs prior written consent, to the defendant 3909 Main Street, LLC (hereinafter 3909 Main). In a written response, counsel for 3909 Main denied any defaults under the lease. On December 1, 2014, the plaintiff served 3-day notices of cancellation on Pi Associates, James Pi, and 3909 Main (hereinafter collectively the Pi defendants).
 

 On December 2, 2014, the plaintiff commenced this action seeking, inter alia, a judgment awarding it possession of the subject property. On December 4, 2014, more than 30 days after the expiration of the cure period, the Pi defendants moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630 [1968]). In an order entered June 3, 2015, the Supreme Court denied the Pi defendants’ motion for a Yellowstone injunction on the ground that the motion was untimely. The Pi defendants then moved, inter alia, for leave to renew their motion. In an order entered October 14, 2015, the Supreme Court denied that branch of their motion. The Pi defendants appeal from both orders.
 

 “ ‘A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture’ of the lease” (JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d 1089, 1089-1090 [2012], quoting Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]; see Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647 [2010]). “ ‘To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord’s notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises’ ” (JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d at 1090, quoting Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545, 546 [2011]).
 

 “[A]n application for Yellowstone relief must be made not only before the termination of the subject lease . . . but must also be made prior to the expiration of the cure period set forth in the lease and the landlord’s notice to cure” (Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d at 647; see Goldcrest Realty Co. v 61 Bronx Riv. Rd. Owners, Inc., 83 AD3d 129, 130 [2011]; Goldstein v Kohl’s, 16 AD3d 622, 623 [2005]). “Where a tenant fails to make a timely request for a temporary restraining order, a court is divested of its power to grant a Yellowstone injunction” (Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d at 648; see King Party Ctr. of Pitkin Ave. v Minco Realty, 286 AD2d 373, 375 [2001]).
 

 Here, the Supreme Court properly denied the Pi defendants’ motion for a Yellowstone injunction because they did not move for injunctive relief until after the cure period expired and after the notice of cancellation of the lease had been served (see Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d at 648; King Party Ctr. of Pitkin Ave. v Minco Realty, 286 AD2d at 375). Contrary to their contentions, the notices of default were properly served according to the terms of the lease (see generally Goldstein v Kohl’s, 16 AD3d at 623).
 

 The Supreme Court also properly denied that branch of the Pi defendants’ motion which was for leave to renew their motion for a Yellowstone injunction. In support of that branch of their motion which was for leave to renew, the Pi defendants failed to submit new evidence that would have changed the prior determination (see CPLR 2221 [e] [2]; Cullin v Lynch, 148 AD3d 670, 670 [2017]; Weisz v Weisz, 123 AD3d 917, 919 [2014]).
 

 The Pi defendants’ remaining contentions are either not properly before this Court or without merit.
 

 Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.