146 Broadway Assoc., LLC v Bridgeview at Broadway, LLC (2018 NY Slip Op 05990)





146 Broadway Assoc., LLC v Bridgeview at Broadway, LLC


2018 NY Slip Op 05990


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-01456
 (Index No. 501732/14)

[*1]146 Broadway Associates, LLC, respondent,
v
Bridgeview at Broadway, LLC, appellant.


David J. Aronstam, New York, NY, for appellant.
Jan Ira Gellis, P.C., New York, NY (Andrew Hodge Meier of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a declaratory judgment and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated February 4, 2016. The order granted the plaintiff's motion for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for a Yellowstone injunction is denied.
In December 2011, the defendant landlord and plaintiff tenant entered into a lease for the commercial portion of a mixed-use property, which also houses a number of residential apartments. In October 2013, the plaintiff began operating a nightclub on the premises. On February 22, 2014, the defendant served a five-day "Notice to Cure Default of Lease" on the plaintiff, which, inter alia, alleged that plaintiff was in violation of the lease for permitting "unreasonable and obnoxious noise to emit from the [p]remises . . . [in violation of] local laws, restrictions and ordinances."
On February 27, 2014, the plaintiff commenced this action, inter alia, to enjoin the defendant from terminating the lease, and simultaneously moved by order to show cause for a Yellowstone injunction enjoining the defendant from terminating the lease pending resolution of the action (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) and a temporary restraining order. The Supreme Court signed the order to show cause, which was then adjourned numerous times over a period of almost two years. During that time, each party conducted its own sound testing. According to the plaintiff's reply papers, which were submitted to the court on February 3, 2016, its sound expert measured sound levels emanating from its nightclub into one of the residential apartments on the premises in excess of levels permitted by Administrative Code of the City of New York § 24-231 (hereinafter the noise regulations) on April 9, 2014, and October 13, 2014, despite the fact that between April 2014 and October 2014 it had built a new wall and installed what its expert described as "high quality sound-rated doors." In a report dated October 15, 2014, the plaintiff's expert recommended additional steps the plaintiff could take to reduce the sound emanating from the nightclub. The plaintiff did not obtain a proposal to complete the recommended work until January 27, 2016.
In an order dated February 4, 2016, the Supreme Court granted the plaintiff's motion. The defendants appeal.
" A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture' of the lease" (JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d 1089, 1089-1090, quoting Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514; see Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647). " To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises'" (JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d at 1090, quoting Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545, 546). A plaintiff demonstrates that it has the desire and ability to cure its alleged default by indicating in its motion papers that it is willing to repair any defective condition found by the court and by providing proof of the substantial effort it has already made in addressing the default listed on the notice to cure (see Terosal Props. v Bellino, 257 AD2d 568).
In this case, the plaintiff failed to satisfy its burden of adducing evidence that it is willing and able to cure its default. While the plaintiff indicated in its motion papers that it is willing to install soundproofing to correct the violations of the noise regulations, it failed to demonstrate such willingness and its ability to do so since it did not make any effort to correct the problem between the last test conducted by its own expert on October 13, 2014, which found a violation of the noise regulations, and the submission of its reply papers to the Supreme Court on February 3, 2016. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for a Yellowstone injunction.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court