106 Spring St. Owner LLC v Workspace, Inc. (2018 NY Slip Op 07951)





106 Spring St. Owner LLC v Workspace, Inc.


2018 NY Slip Op 07951


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7666N 657050/17

[*1] 106 Spring Street Owner LLC, Plaintiff-Appellant,
v
Workspace, Inc., et al., Defendants-Respondents.


Cole Schotz P.C., New York (Arianna Christopher Frankl of counsel), for appellant.
Braverman Greenspun P.C., New York (Scott S. Greenspun of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 22, 2018, recalled and reissued by order entered January 26, 2018, which, to the extent appealed from as limited by the parties stipulation withdrawing the appeal from that part of the order denying plaintiff's motion for a preliminary injunction, denied plaintiff's motion for a Yellowstone injunction, unanimously reversed, on the law and the facts, without costs, and the motion granted.
Plaintiff met all four of the required elements for a Yellowstone injunction, whose purpose is to toll the cure period pending resolution of the dispute over whether a commercial tenant breached its lease (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]), and
its motion for a Yellowstone injunction should have been granted. The nature of the "standstill" ordered by the court in lieu of a Yellowstone injunction may be, for all intents and purposes, equivalent to the requested relief, as defendants contend, but it is not clear, and plaintiff raises the reasonable concern that it omitted a key aspect of Yellowstone relief: tolling the time to cure (see Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647 [2d Dept 2010]); we resolve any ambiguity here by granting the Yellowstone injunction.
The court lacked adequate basis to assume, as it did, that any failure on plaintiff's part to maintain the cooling tower meant it had "jeopardized public health and safety in a manner which is incurable." Defendants' October 2017 letter and December 2017 Notice of Default, demanding cure, belie the notion of incurability. The notices are, moreover, silent on the issue of public health and safety, as were defendants' affidavits opposing the motion. The issue, raised only in their memorandum of law was, in any case, unsubstantiated. The record before us contains no evidence to support the claim, or the court's conclusion that the violations at issue are incurable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK