255 Butler Assoc., LLC v 255 Butler, LLC (2019 NY Slip Op 04343)





255 Butler Assoc., LLC v 255 Butler, LLC


2019 NY Slip Op 04343


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-04374
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, respondent,
v
255 Butler, LLC, appellant.


Rosenberg & Estis, P.C., New York, NY (Michael E. Feinstein and Stuart A. Blander of counsel), for appellant.
Proskauer Rose, LLP, New York, NY (Peter J.W. Sherwin, Seth D. Fiur, and Daniel J. Werb of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated April 20, 2016. The order granted the plaintiff's motion for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is affirmed, with costs.
In March 2013, the defendant landlord, 255 Butler, LLC, entered into a commercial lease with the plaintiff tenant, 255 Butler Associates, LLC, relating to certain real property located at 255 Butler Street, also known as 484 Baltic Street and 224 Nevins Street, in Brooklyn (hereinafter the lease). On July 27, 2015, the defendant served the plaintiff with a "Notice to Cure lease Default," alleging several defaults, including that the plaintiff failed to "diligently pursue" the planned conversion of the building located on the property into a multi-unit commercial complex. The defendant demanded that the plaintiff cure all violations of the lease on or before September 1, 2015, and stated that if the defaults were not cured by that date, the defendant would have the right to terminate the lease. On September 11, 2015, the defendant served a "Notice of Termination of Tenancy" on the plaintiff, which stated that the plaintiff failed to cure all of the alleged defaults and that the lease would be terminated effective September 30, 2015.
On September 22, 2015, the plaintiff moved by order to show cause for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630), staying and tolling the cure period and enjoining the defendant from terminating the lease or commencing a summary proceeding for eviction. In opposition, the defendant argued, inter alia, that the plaintiff's motion was untimely since the plaintiff failed to move for a Yellowstone injunction prior to September 1, 2015, the date that the cure period set forth in the notice to cure, dated July 27, 2015, expired. In an order dated April 20, 2016, the Supreme Court granted the plaintiff's motion. The defendant appeals.
" A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the [*2]tenant may cure the default and avoid a forfeiture' of the lease" (JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d 1089, 1089-1090, quoting Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514). " [A]n application for Yellowstone relief must be made not only before the termination of the subject lease . . . but must also be made prior to the expiration of the cure period set forth in the lease and the landlord's notice to cure'" (Riesenburger Props., LLLP v Pi Assoc., LLC, 155 AD3d 984, 985, quoting Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647).
Here, the lease, in Section 24.1(b), provided that the failure of the plaintiff to "observe and perform any provision of this Lease . . . where such failure continues for thirty (30) days after written notice" constitutes an event of default. The lease, in Section 24.2, further provided that, following an event of default, if the defendant served a notice of termination of the lease, the lease would expire after the time set forth in that notice of termination elapsed, during which time the plaintiff would have an opportunity to cure the alleged default prior to the expiration date set forth in the notice of termination. Pursuant to Section 24.2, termination of the lease would not occur if the plaintiff cured the default within the period set forth in the termination letter. Thus, although the July 27, 2015, notice to cure provided that the plaintiff had until September 1, 2015, to cure its default, the July 27, 2015, notice provided that unless the plaintiff cured the default, the defendant "may terminate the Lease in accordance with Article 24 of the Lease." Given that the language of Article 24 provided for two separate cure periods in Sections 24.1 and 24.2, under these circumstances, the notice of termination dated September 11, 2015, must be deemed, under Article 24 of the subject lease, a notice to cure the plaintiff's alleged default in failing to comply with the prior July 27, 2015, notice. Inasmuch as the plaintiff moved for a Yellowstone injunction prior to September 30, 2015, the date set by the defendant in the September 11, 2015, notice as the end date by which the plaintiff had to cure its default, the plaintiff's motion was timely (see Barsyl Supermarkets, Inc. v Avenue P. Assoc., LLC, 86 AD3d 545, 547; see also 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d 420, 421).
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court