Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC (2023 NY Slip Op 01019)

Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC

2023 NY Slip Op 01019

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-05751
 (Index No. 510220/20)

[*1]Prestige Deli & Grill Corp., respondent,
v
PLG Bedford Holdings, LLC, appellant.

Scott D. Gross, Westbury, NY, for appellant.
Jonathan S. Roller, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 17, 2020. The order granted the plaintiff's motion for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for a Yellowstone injunction is denied.
In May 2020, the defendant landlord served a notice to cure on the plaintiff tenant, alleging that the tenant was in breach of the commercial lease by, inter alia, failing to install grease traps and failing to pay several months' rent. After the period to cure expired on June 1, 2020, the landlord served a notice of termination on the tenant. The tenant commenced this action on June 15, 2020, for a judgment declaring the rights and obligations of the parties under the lease and to enjoin the landlord from terminating the lease. On the same day, the tenant moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630), which the Supreme Court granted. The landlord appeals.
"'A Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture of the lease'" (Riesenburger Props., LLLP v Pi Assoc., LLC, 155 AD3d 984, 985, quoting JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC, 101 AD3d 1089, 1089-1090 [internal quotation marks omitted]). "To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 829, 831 [internal quotation marks omitted]). "Since courts cannot reinstate a lease after the lapse of time specified to cure a default, an application for Yellowstone relief must be made not only before the termination of the subject lease—whether that termination occurs as a result of the expiration of the term of the lease, or is effectuated by virtue of the landlord's proper [*2]and valid service of a notice of termination upon the tenant after the expiration of the cure period—but must also be made prior to the expiration of the cure period set forth in the lease and the landlord's notice to cure" (Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647 [citation and internal quotation marks omitted]).
Here, the landlord served a notice to cure on the tenant on May 15, 2020, and the cure period ended on June 1, 2020, in accordance with the terms of the lease. When the tenant did not cure the alleged defects, the landlord served a notice of termination on June 2, 2020. The tenant commenced this action and moved for a Yellowstone injunction on June 15, 2020, well after the cure period expired.
Executive Order 202.8, and the subsequent orders extending that order, did not toll the cure period since the cure period, set by contract, was not "prescribed by [a] procedural law[ ] of the state" or "any other statute, local law, ordinance, order, rule, or regulation" (9 NYCRR 8.202.8). Moreover, filing of new non-essential matters through the New York State Courts Electronic Filing System was available in the five New York City counties, including Kings County, as of May 25, 2020 (see Admin Order of Chief Admin Judge of Cts AO/114/2020 [dated May 20, 2020]; see e.g. Matter of J.G. Wentworth Originations LLC v Genworth Life Ins. Co. of N.Y., 68 Misc 3d 1206[A], 2020 NY Slip Op 50874[U] [Sup Ct, Kings County]).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the tenant's motion for a Yellowstone injunction.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court